**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

CASE NO.

DENISE GORDILS, and CHARLES
GORDILS,

      Plaintiffs,

v.

MIDLAND CREDIT MANAGEMENT,
INC., MIDLAND FUNDING, LLC, and
ENCORE CAPITAL GROUP, INC.,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

## PARTIES

4.     Plaintiffs, DENISE GORDILS, ("Ms. Gordils") and CHARLES GORDILS ("Mr. Gordils") (collectively "Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Saint Lucie, and City of Port Saint Lucie.

5.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

7.     Defendant, MIDLAND FUNDING, LLC, ("Midland"), is an entity that acquires debt in default merely for collection purposes, and that at all relevant times was engaged in the business of attempting to collect a debt from Plaintiffs.

8.     Defendant, ENCORE CAPITAL GROUP, INC. ("Encore"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

9.     Defendants Midland Credit Management, Inc., Encore Capital Group, Inc. and Midland Funding, LLC. are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.     Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11.     Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

12.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     Midland purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14.     Midland acquired Plaintiffs' debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15.     Midland is thoroughly enmeshed in the debt collection business, and Midland is a significant participant in MCM and Encore's debt collection process.

16.     In connection with collection of an alleged debt in default, MCM, itself and on behalf of Midland and Encore, sent Mr. Gordils initial written communication dated December 21, 2011, and in such communication, stated in relevant part(s), as follows:

"

| | |
|---|---|
| Current Owner: | Midland Funding, LLC |
| Original Creditor: | BENEFICIAL |
| Original Account No.: | **********9783 |
| | |
| MCM Account No.: | ******7985 |

Current Balance:        $16,898.77

* * * * *

The purpose of this letter is to advise you that Midland Funding, LLC is the new owner of the above-referenced account, and Midland Credit Management, Inc. ("MCM"), a debt collection company, is now the servicer of this obligation. Midland Funding, LLC received an assignment of your account with the above-listed original creditor. Accordingly, all future communication regarding the account should be addressed to MCM as servicer for Midland Funding, LLC and not the previous owner. No collection efforts will occur on this account for at least 30 days from the date of this notice.

* * * * *

Although this communication is from a debt collector, this is not an attempt to collect a debt.

Calls to and/or from this company may be monitored or recorded."

*See* Correspondence, attached hereto as Exhibit "A."

17.     MCM also included a "Privacy Notice" with its December 21, 2012 communication which stated, in relevant part, as follows:

"For questions, write to Privacy Notice, 8875 Aero Dr., Suite 200, San Diego, CA 92123"

18.     MCM's communications failed to provide Mr. Gordils with the notices required by 15 U.S.C. § 1692g(a) et seq.

19.     Further, MCM did not provide the notices required by 15 U.S.C. § 1692g(a) et seq. within five days of its December 21, 2011 communication.

20.     By including the statement, "Calls to and/or from this company may be monitored or recorded," MCM implicitly admitted that it was foreseeable that a consumer

would attempt to contact MCM via telephone call, despite the fact that MCM did not provide its telephone number in its communication.

21.     Additionally, MCM's statement that the December 21, 2011 communication was "not an attempt to collect a debt" would confuse a Least Sophisticated Consumer, as the communication is in connection with the collection of an alleged debt.

22.     MCM's December 21, 2011 communication would confuse the Least Sophisticated Consumer because it invites contact from the recipient regarding the alleged debt owed, while at the same time states that the communication is not an attempt to collect a debt.

23.     In connection with collection of an alleged debt in default, MCM, itself and on behalf of Midland and Encore, sent Ms. Gordils initial written communication dated December 21, 2011, and in such communication, stated in relevant part(s), as follows:

"

| | |
|---|---|
| Current Owner: | Midland Funding, LLC |
| Original Creditor: | BENEFICIAL |
| Original Account No.: | **********9783 |
| | |
| MCM Account No.: | ******7985 |
| Current Balance: | $16,898.77 |

* * * * *

The purpose of this letter is to advise you that Midland Funding, LLC is the new owner of the above-referenced account, and Midland Credit Management, Inc. ("MCM"), a debt collection company, is now the servicer of this obligation. Midland Funding, LLC received an assignment of your account with the above-listed original creditor. Accordingly, all future communication regarding the account should be addressed to MCM as servicer for Midland Funding, LLC and not the previous owner. No collection efforts will occur on this account for at least 30 days from the date of this notice.

* * * * *

Although this communication is from a debt collector, this is not an attempt to collect a debt.

Calls to and/or from this company may be monitored or recorded."

*See* Correspondence, attached hereto as Exhibit "B."

24.   MCM also included a "Privacy Notice" with its December 21, 2012 communication which stated, in relevant part, as follows:

"For questions, write to Privacy Notice, 8875 Aero Dr., Suite 200, San Diego, CA 92123"

25.   MCM's communications failed to provide Ms. Gordils with the notices required by 15 U.S.C. § 1692g(a) et seq.

26.   Further, MCM did not provide the notices required by 15 U.S.C. § 1692g(a) et seq. within five days of its December 21, 2011 communication.

27.   By including the statement, "Calls to and/or from this company may be monitored or recorded" MCM implicitly admitted that it was foreseeable that a consumer would attempt to contact MCM via telephone call, despite the fact that MCM did not provide its telephone number in its communication.

28.   Additionally, MCM's statement that the December 21, 2011 communication was "not an attempt to collect a debt" would confuse a Least Sophisticated Consumer, as the communication is in connection with the collection of an alleged debt.

29.     Lastly, MCM's communication in its entirety, would confuse the Least Sophisticated Consumer because it invites contact from the recipient regarding the alleged debt owed, while at the same time states that the communication is not an attempt to collect a debt.

30.     In connection with collection of an alleged debt in default, MCM, itself and on behalf of Midland and Encore, sent Ms. Gordils written communication dated January 22, 2012, which was titled "NOTICE OF NEW OWNERSHIP AND PRE-LEGAL REVIEW" *See* Correspondence, attached hereto as Exhibit "C."

31.     MCM stated in its letter of January 22, 2012, in relevant part(s), as follows:

"Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation.

*          *          *

If we don't hear from you or receive payment by 03-07-2012, we may proceed with forwarding this account to an attorney.

**What do you need to do to stop this process from continuing?**

   1) Mail in $750.00 and call to set up your remaining payments.
   2) Call us today to see how to qualify for discounts and payment plans.

LET US HELP YOU!  If the account goes to an attorney, our flexible options may no longer be available to you.  There still is an opportunity to make arrangements with us.  We encourage you to call us today: (800) 265-8825."

32.     MCM further stated in a boxed column on the side of the January 22, 2012 letter, as follows:

"BENEFITS OF PAYING!
   ➤ This may be your last chance to work with us before the account goes to an attorney.
   ➤ No additional interest will be charged to your account.

> ➢ Get rid of this debt and get on with your life.

<span style="color:red">Once your account is paid,</span>

>> ➢ All collection calls and letters on this account will stop!
>> ➢ We will notify the credit bureaus the debt is PAID IN FULL." [Emphasis in original].

33. This letter was designed to cause the Least Sophisticated Consumer to believe that imminent legal action would be commenced against Ms. Gordils.

34. As such, in its communication dated January 22, 2012, MCM falsely represented the meaningful level of attorney involvement in the collections process.

35. Further, MCM, in its January 22, 2012 communication placed the statements "BENEFITS OF PAYING," "[o]nce your account is paid," "[w]hat do you need to stop this process from continuing?," "LET US HELP YOU" and its telephone number in bright, bold red ink, a utilization of graphic design elements to direct a least sophisticated consumer's attention toward making payment, and away from the notices required pursuant to 15 U.S.C. § 1692g(a) et seq. that appeared on the reverse side of the communication.

36. MCM used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs.

37. MCM used unfair or unconscionable means against Plaintiffs in connection with an attempt to collect an alleged debt.

38. Defendants' actions constitute conduct highly offensive to a reasonable person.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e(3)
### DEFENDANT MCM

39.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

40.     MCM violated 15 U.S.C. § 1692e(3) by falsely representing the meaningful level of attorney involvement in the collections process.

41.     Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

42.     Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that MCM violated 15 U.S.C. § 1692e(3);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(3)
## DEFENDANT MIDLAND

43.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

44.    MCM violated 15 U.S.C. § 1692e(3) by falsely representing the meaningful level of attorney involvement in the collections process.

45.    Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

46.    Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Midland violated 15 U.S.C. § 1692e(3);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(3)
## DEFENDANT ENCORE

47.   Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

48.   MCM violated 15 U.S.C. § 1692e(3) by falsely representing the meaningful level of attorney involvement in the collections process.

49.   Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

50.   Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Encore violated 15 U.S.C. § 1692e(3);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)
## DEFENDANT MCM

51.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

52.    MCM violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs.

53.    Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

54.    Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that MCM violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**DEFENDANT MIDLAND**

55.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

56.    MCM violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs.

57.    Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

58.    Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Midland violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(10)
## DEFENDANT ENCORE

59.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

60.     MCM violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs.

61.     Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

62.     Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Encore violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in
the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this
action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be
allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and
proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692f**
**DEFENDANT MCM**

63.  Plaintiffs repeat and re-allege each and every allegation contained in
paragraphs 1 through 38.

64.  MCM violated 15 U.S.C. § 1692f by using unfair or unconscionable means
against Plaintiffs in connection with an attempt to collect an alleged debt.

65.  Midland, by virtue of its status as a "debt collector" under the FDCPA, is
liable for actions of MCM, the debt collector it hired to collect an alleged debt from
Plaintiffs on its behalf.

66.  Encore, by virtue of its status as a "debt collector" under the FDCPA, is
liable for actions of MCM, the debt collector it hired to collect an alleged debt from
Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that MCM violated 15 U.S.C. § 1692f;

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692f
## DEFENDANT MIDLAND

67.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

68.    MCM violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiffs in connection with an attempt to collect an alleged debt.

69.    Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

70.     Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Midland violated 15 U.S.C. § 1692f;

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 15 U.S.C. § 1692f
## DEFENDANT ENCORE

71.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

72.     MCM violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiffs in connection with an attempt to collect an alleged debt.

73.     Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

74.     Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Encore violated 15 U.S.C. § 1692f;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT X**
**VIOLATION OF 15 U.S.C. § 1692g(a)**
**DEFENDANT MCM**

75.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

76.     MCM violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiffs with the notices required by 15 U.S.C. § 1692g, either in the initial communication with Plaintiffs, or in writing within 5 days thereof.

77.     Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

78.     Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that MCM violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATION OF 15 U.S.C. § 1692g(a)
## DEFENDANT MIDLAND

79.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

80.     MCM violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiffs with the notices required by 15 U.S.C. § 1692g, either in the initial communication with Plaintiffs, or in writing within 5 days thereof.

81.     Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

82.     Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Midland violated 15 U.S.C. § 1692g(a);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and

proper.

## COUNT XII
## VIOLATION OF 15 U.S.C. § 1692g(a)
## DEFENDANT ENCORE

83.   Plaintiffs repeat and re-allege each and every allegation contained in

paragraphs 1 through 38.

84.   MCM violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiffs with

the notices required by 15 U.S.C. § 1692g, either in the initial communication with

Plaintiffs, or in writing within 5 days thereof.

85.   Midland, by virtue of its status as a "debt collector" under the FDCPA, is

liable for actions of MCM, the debt collector it hired to collect an alleged debt from

Plaintiffs on its behalf.

86.   Encore, by virtue of its status as a "debt collector" under the FDCPA, is

liable for actions of MCM, the debt collector it hired to collect an alleged debt from

Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Encore violated 15 U.S.C. § 1692g(a);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in

the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this

action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT XIII**
**VIOLATION OF 15 U.S.C. § 1692g(b)**
**DEFENDANT MCM**

87.  Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

88.  MCM violated 15 U.S.C. § 1692g(b) by overshadowing and obscuring the notices required pursuant to 15 U.S.C. § 1692g(a) et seq.

89.  Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

90.  Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that MCM violated 15 U.S.C. § 1692g(b);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

    d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT XIV**
**VIOLATION OF 15 U.S.C. § 1692g(b)**
**DEFENDANT MIDLAND**

91.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

92.    MCM violated 15 U.S.C. § 1692g(b) by overshadowing and obscuring the notices required pursuant to 15 U.S.C. § 1692g(a) et seq.

93.    Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

94.    Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a)  Adjudging that Midland violated 15 U.S.C. § 1692g(b);

    b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

    d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT XV**
**VIOLATION OF 15 U.S.C. § 1692g(b)**
**DEFENDANT ENCORE**

95.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38.

96.    MCM violated 15 U.S.C. § 1692g(b) by overshadowing and obscuring the notices required pursuant to 15 U.S.C. § 1692g(a) et seq.

97.    Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

98.    Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a)  Adjudging that Encore violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

99.   Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 17th day of August, 2012.

Respectfully submitted,
**DENISE AND CHARLES GORDILS**

By: /s/Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFFS
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com